Cliff Palefsky (State Bar No. 77683)
Scott M. Stillman (State Bar No. 267506)
McGUINN, HILLSMAN & PALEFSKY
535 Pacific Avenue
San Francisco, California 94133
Telephone: (415) 421-9292
Facsimile: (415) 403-0202
Emails: cp@mhpsf.com
sstillman@mhpsf.com

Attorneys for Plaintiff
ED HUGHLETT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ED HUGHLETT,<br><br>Plaintiff,<br><br>v.<br><br>MARINE TERMINALS CORP., et al.,<br><br>Defendants. | CASE NO.: 15-cv-03139-JSW<br><br>PLAINTIFF'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND THIS ACTION TO THE SUPERIOR COURT FOR THE COUNTY OF ALAMEDA<br><br>Date: September 11, 2015<br>Time: 9:00 a.m.<br>Dept.: 5<br>Judge: The Hon. Jeffrey S. White<br><br>Accompanying Papers:<br>1. Declaration of Ed Hughlett |

# TABLE OF CONTENTS

Page(s)

I. INTRODUCTION ................................................................................................................ 1

II. ARGUMENT ....................................................................................................................... 2

    A. Plaintiff Has Stated A Viable Claim For Defamation Against Defendant Barker .................................................................................................. 2

    B. California Law Recognizes Claims For Defamation In The Employment Context, Particularly When Termination Is Involved .......................... 2

    C. Defendant Barker's Statement Was One Of Fact, Not Opinion ................................ 3

    D. Plaintiff Specifically Alleged Publication To A Third Party ................................... 5

    E. Regardless Of Whether Any Privilege Applies, Defendants Did Not Carry Their Burden To Show Plaintiff Has No Possiblility Of Demonstrating Malice .................................................................................................. 7

III. CONCLUSION ................................................................................................................. 10

McGuinn, Hillsman & Palefsky
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Calero v. Unisys Corp.* (N.D. Cal. 2003),
   271 F. Supp. 2d 1172 .................................................................................................. 1

*Davis v. Prentiss Props. Ltd., Inc.* (C.D. Cal. 1999),
   66 F. Supp. 2d 1112 .................................................................................................... 1

*Hamilton Materials, Inc. v. Dow Chem. Corp.* (9th Cir. 2007),
   494 F.3d 1203 ............................................................................................................. 1

*Hernandez v. First Student, Inc.* (C.D. Cal. Dec. 16, 2010),
   2010 U.S. Dist. LEXIS 142563 ......................................................................... 2, 5, 6

*Hunter v. Philip Morris USA* (9th Cir. 2009),
   582 F. 3d 1039 ............................................................................................................ 2

*Johnson v. Wells Fargo & Co.* (C.D. Cal. Nov. 19, 2014),
   2014 U.S. Dist. LEXIS 162864 ......................................................................... 4, 5, 6

*Larrick v. Gilloon* (1959),
   176 Cal. App. 2d 408 ................................................................................................. 9

*Macey v. Allstate Prop. & Cas. Ins. Co.* (N.D. Cal. 2002),
   220 F. Supp. 2d 1116 .................................................................................................. 5

*Morales v. Gruma Corp.* (C.D. Cal. Nov. 12, 2013),
   2013 U.S. Dist. LEXIS 161933 ............................................................................. 4, 5

*Padilla v. AT&T Corp.* (C.D. Cal. 2009),
   697 F. Supp. 2d 1156 ................................................................................................ 10

*Plute v. Roadway Package Sys., Inc.* (N.D. Cal. 2001),
   141 F. Supp. 2d 1005 .................................................................................................. 7

*Porter v. Bank of Am., N.A.*,
   2014 U.S. Dist. LEXIS 168861 .................................................................................. 1

*Reese v. Barton Healthcare Sys.* (E.D. Cal. 2010),
   693 F. Supp. 2d 1170 .................................................................................................. 3

*Smith v. Maldonado* (1999),
   72 Cal. App. 4th 637 ................................................................................................... 5

*Umamoto v. Insphere Ins. Solutions, Inc.*,
   2013 U.S. Dist. LEXIS 68622 ........................................................................... passim

McGuinn, Hillsman
& Palefsky
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

*Webber v. Nike USA, Inc.* (S.D. Cal. Oct. 9, 2012),
   2012 U.S. Dist. LEXIS 146521 ................................................................................*passim*

**Statutes**

California Civil Code Section 47(c) ..................................................................................... 7

**Other Authorities**

Federal Rules of Civil Procedure

   Rule 12(b)(6) ............................................................................................. 1, 2, 5, 7

McGuinn, Hillsman
& Palefsky
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

## I. INTRODUCTION

In their Opposition to Plaintiff's Motion To Remand ("Opposition"), Defendants quickly brush over the standard for showing fraudulent joinder – hoping, perhaps, the Court will ignore the high burden Defendants face. Instead, Defendants urge that "the Court should determine the adequacy of Plaintiff's pleading in the context of Defendants' 12(b)(6) motion according to the standards normally applicable to such a motion." Opposition at 2:10-11. Applying a 12(b)(6) standard to a motion to remand would be clear legal error.

Not only would doing so be applying the wrong legal standard, but it would be putting the cart before the horse – deciding the merits before deciding jurisdiction. Indeed, "[t]he Court must address the question of jurisdiction before the arguments raised in Defendants' motion to dismiss because the Court cannot decide the merits of Defendants' motions to dismiss if the Court lacks subject matter jurisdiction over the action." *Porter v. Bank of Am., N.A.*, 2014 U.S. Dist. LEXIS 168861 at *5 (E.D. Cal. Dec. 5, 2014) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.")); *see also Davis v. Prentiss Props. Ltd., Inc.*, 66 F. Supp. 2d 1112, 1114 (C.D. Cal. 1999) ("If a court were to apply the standard of Rule 12(b)(6) to the diversity-defeating claim, the court would be ignoring the fact that it has no jurisdiction over that claim.").

Defendants seek to apply the wrong standard here because the correct one is onerous for them to meet. "Proving fraudulent joinder is not an easy task." *Umamoto v. Insphere Ins. Solutions, Inc.*, 2013 U.S. Dist. LEXIS 68622 at *11 (N.D. Cal. May 14, 2013). "[It] must be proven by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). "[A]ll disputed questions of fact and all ambiguities in the controlling state law are [to be] resolved in plaintiff's favor." *Calero v. Unisys Corp.*, 271 F. Supp. 2d 1172, 1176 (N.D. Cal. 2003).

"If after doing so, 'there is a non-fanciful possibility that plaintiff can state a claim under [state] law against the non-diverse defendants[,] the court must remand.'" *Umamoto*, 2013 U.S.

McGuinn, Hillsman & Palefsky
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

---

1

PLAINTIFF'S REPLY MEMORANDUM ISO MOTION TO REMAND      CASE NO.: 15-cv-03139-JSW

Dist. LEXIS 68622 at *11 (quoting *Macey v. Allstate Prop. & Cas. Ins. Co.*, 220 F. Supp. 2d 1116, 1117 (N.D. Cal. 2002)). Furthermore, "[p]arties should not be able to expand federal jurisdiction beyond its statutory boundaries by using fraudulent-joinder-based removal as a replacement for the state court demurrer." *Hernandez v. First Student, Inc.*, 2010 U.S. Dist. LEXIS 142563 at *9 (C.D. Cal. Dec. 16, 2010).

## II. ARGUMENT

### A. Plaintiff Has Stated A Viable Claim For Defamation Against Defendant Barker

Defendant Barker cannot be said to be a "sham defendant" because Plaintiff's claim against him is not an "obvious" failure. In fact, Plaintiff has a strong claim for defamation against Barker. Defendants have failed to meet their heavy burden to set forth clear and convincing evidence that there is "no possibility" that Plaintiff will be able to establish a defamation claim against Defendant Barker in state court. This is true despite Defendants having devoted significant briefing to not just this Motion To Remand but also in the papers of Defendants' 12(b)(6) motion and reply. Indeed, a party's "inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009) (internal citation and quotation omitted). Thus, simply the fact that Defendants must address the merits of the defamatory statement at issue here implies that Plaintiff has a colorable and not fraudulent claim against Defendant Barker.

### B. California Law Recognizes Claims For Defamation In The Employment Context, Particularly When Termination Is Involved

Defendants attempt to apply three cases in an overly broad fashion to support the proposition that California has a reluctance to all defamation claims in the employment context. *See Jensen v. Hewlett-Packard Co.*, 14 Cal. App. 4th 958 (1993); *Rudwall v. Blackrock, Inc.*, 2006 U.S. Dist. LEXIS 89801 at *1 (N.D. Cal. Nov. 30, 2006); and *Hardin v. Wal-Mart Stores, Inc.*, 2012 U.S. Dist. LEXIS 71980 at *1 (E.D. Cal. May 22, 2012). Yet, these three cases deal exclusively with defamation claims in the context of an employer's formal performance review or evaluation of the employee, not statements made at termination. Here, Plaintiff's claim for

defamation is not based on statements in a yearly performance review, but on Defendant Barker's termination letter to Plaintiff. *See Webber v. Nike USA, Inc.*, 2012 U.S. Dist. LEXIS 146521 at *15 (S.D. Cal. Oct. 9, 2012) (finding *Jensen* to be distinguishable because the plaintiff's allegation of defamation based on the statement that the plaintiff was terminated for "'poor performance' was not made in a job performance evaluation, but in the context of explaining to [p]laintiff and his former clients why he was fired"); *see also Reese v. Barton Healthcare Sys.*, 693 F. Supp. 2d 1170, 1190 (E.D. Cal. 2010) (where a disciplinary action notice was the basis for termination, the court concluded that the notice was not a performance evaluation as in *Jensen* because it did not serve as a management tool).

Defendants rely heavily on the quote in *Jensen* that "unless <u>an employer's performance evaluation</u> falsely accuses an employee of criminal conduct, lack of integrity, dishonesty, incompetence or reprehensible personal characteristics or behavior, it cannot support a cause of action for libel." *Jensen*, 14 Cal. App. 4th at 965 (emphasis added). However, even applying the standard set forth in *Jensen* regarding an employer's formal performance review/evaluation of an employee, Plaintiff has a viable claim for defamation. In *Webber*, for instance, the statement supporting the plaintiff's defamation claim was that he was terminated for "poor performance." 2012 U.S. Dist. LEXIS 146521 at *15. Based on that allegation alone, the court found that "the statement, when being construed in context, could be found to suggest that Plaintiff lacked the inherent competence, qualification, capability, or fitness to do his job." *Id.*

Here, Defendant Barker stated that Plaintiff violated the company's code of ethics, a statement much harsher and more critical than in *Webber*. If "poor performance" suggests incompetence, then stating that Plaintiff committed an ethics violation is certainly a statement that accuses Plaintiff of a lack of integrity, dishonesty, incompetence and a reprehensible personal characteristic. This is particularly true in the case of someone like Plaintiff who was a safety manger and whose job required a high-level of competence, honesty and integrity.

### C. Defendant Barker's Statement Was One Of Fact, Not Opinion

Defendants argue Barker's statement was an opinion, not fact. However, none of the cases cited by Defendants address the sufficiency of allegations of defamation in the context of

McGuinn, Hillsman
& Palefsky
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

fraudulent joinder or a motion to remand. As discussed below, a number of cases in the motion to remand context demonstrate that California law finds statements similar to the one at issue here to be fact, not opinion.

In *Morales v. Gruma Corp.*, 2013 U.S. Dist. LEXIS 161933 at *5 (C.D. Cal. Nov. 12, 2013), the plaintiff, among other causes of action, brought a defamation claim against his former employer and two supervisors. The basis for the defamation claim was the "expressed and implied accusations that [p]laintiff violated company policy and/or the law, engaged in misconduct . . ." *Id.* (emphasis added). In granting the plaintiff's motion to remand, the court found that "the allegation in the complaint that defendants stated that plaintiff 'violated company policy' are sufficiently specific such that the Court is able to determine that the statement was intended as fact, and not opinion." *Id.* at *15-16 (emphasis added).

In *Umamoto*, the plaintiff Shirley Umamoto's defamation claim was premised on the fact that her former employer had falsely stated that it was terminating her "due to performance." 2013 U.S. Dist. LEXIS 68622 at *9. The plaintiff brought her defamation claim not only against the employer, but against a regional manager as well. The court granted the motion to remand, holding that the plaintiff "may be able to state a claim against [the regional manager] for defaming [the plaintiff], and, consequently, the Court is not persuaded that [the regional manager] is a sham defendant." *Id.* at *12.

In *Johnson v. Wells Fargo & Co.*, 2014 U.S. Dist. LEXIS 162864 at *1-2 (C.D. Cal. Nov. 19, 2014), the plaintiff asserted, in state court, a defamation claim against his former employer and the manager of the branch where he worked. Like here, the defendants removed and brought a motion to dismiss, and then the plaintiff filed a motion to remand. The alleged defamatory statements included accusations that the plaintiff "violated company policy and/or the law, engaged in misconduct, and . . . [engaged in] potential criminal activity." *Id.* at *14 (emphasis added). As Defendants do here, the defendants in *Johnson* argued that the plaintiff failed "to identify a single false statement in the complaint, and instead offers boilerplate allegations consisting of a series of generic legal conclusions that are insufficient to state a claim for relief." *Id.* at *15 (internal quotation marks omitted). The court disagreed. Instead, the court remanded

McGuinn, Hillsman & Palefsky
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

the case, finding the plaintiff's allegations sufficient to demonstrate he had a possibility to state a claim for defamation in state court. *Id.* at *18.

Here, like the accusations concerning violations of company policy in *Morales* and *Johnson*, and the statements about termination "due to performance" and/or "poor performance" in *Umamoto* and *Webber*, Defendant Barker's statement that Plaintiff violated the company's ethics policy was one of fact, not opinion. Plaintiff's allegations in this regard are "sufficiently specific to raise a 'non-fanciful possibility' that [he] can state a claim for defamation in [state court]." *Macey*, 220 F. Supp. 2d at 1117.

### D. Plaintiff Specifically Alleged Publication To A Third Party

With regard to the issue of publication, Defendants again apply the wrong standard for a motion to remand, arguing instead that Plaintiff's allegations of publication "are insufficient to defeat Defendants' 12(b)(6) motion". Opposition at 6:17-18. Defendants' Opposition fails to cite a single case involving facts where a court found the plaintiff's allegations of publication insufficient.

Publication simply requires "communication to some third person who understands the defamatory meaning of the statement and its application to the person to whom reference is made." *Smith v. Maldonado*, 72 Cal. App. 4th 637, 645 (1999). In *Umamoto*, the defendants argued that the plaintiff Shirley Umamoto's defamation claim failed because her complaint alleged that it was the employer "Insphere", not the individually-named defendant "Feeny", who told the plaintiff she was being terminated "due to performance." 2013 U.S. Dist. LEXIS 68622 at *12-13. The court held such a failure did <u>not</u> provide sufficient basis to infer Feeny was a sham defendant, reasoning that "[a]t this stage, the Court is not persuaded that [p]laintiffs could not allege facts showing that Feeny was the originator of, or was otherwise responsible for, the statement that [the plaintiff] was terminated due to performance reasons . . . It is possible that Feeny was involved in [the plaintiff's] termination and was responsible for the statement that [the plaintiff] was being terminated for performance reasons." *Id.* at *14-15.

In *Hernandez v. First Student, Inc.*, 2010 U.S. Dist. LEXIS 142563 at *13-14 (C.D. Cal. Dec. 16, 2010), the plaintiff received a termination letter citing as grounds for his termination that

he engaged in multiple crimes. He brought an action in state court alleging defamation against his former employer and the employee who wrote the termination letter. The defendants removed and the plaintiff filed a motion to remand. The defendants challenged whether the plaintiff had adequately alleged publication where he only alleged the defamatory statements were made "to others" and were "subsequently republished". *Id.* at *13. The court held that "[i]f [p]laintiff's statements are credited, which they must be at this stage of the action, publication did occur." *Id.* at *13-14. The court granted remand.

Similarly, in *Johnson*, the complaint alleged that the defendants caused publication "to third persons and to the community" as well as to "other agents and employees of . . . [the plaintiff's former employer] and the community." 2014 U.S. Dist. LEXIS 162864 at *14. The court found these allegations of publication sufficiently specific to demonstrate that the plaintiff had a viable claim for defamation and the individually-named defendant was not fraudulently joined. *Id.* at *18.

In *Webber*, the plaintiff failed entirely to allege in his complaint that his supervisor communicated the defamatory reason for his termination to any third party. 2012 U.S. Dist. LEXIS 146521 at *16. As part of his motion to remand papers, however, the plaintiff set forth in a declaration that his supervisor told an outside retailer that he was terminated for poor performance. *Id.* The court found that "[s]uch an allegation is sufficient to establish a non-fanciful possibility that [p]laintiff may prove publication." *Id.*

Here, Plaintiff set forth allegations arguably more specific than in *Umamoto*, *Hernandez* and *Johnson* and definitely more specific than the allegations in the *Webber* complaint. Plaintiff alleged that Defendant Barker was involved in his termination, as Barker informed him of the termination during their meeting on February 4, 2015, and gave Plaintiff the termination letter signed by Barker himself. FAC ¶ 19. Also, Plaintiff pleaded that Defendants "informed other persons" of the defamatory statement, *see* FAC ¶¶ 47, 49, and he also pleaded that Defendants made "these defamatory comments about Plaintiff to various persons." FAC ¶ 49 (emphasis added). Furthermore, like in *Hernandez*, Plaintiff set forth that the defamatory publications were

McGuinn, Hillsman
& Palefsky
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

6

PLAINTIFF'S REPLY MEMORANDUM ISO MOTION TO REMAND     CASE NO.: 15-cv-03139-JSW

"foreseeably republished." FAC ¶ 48. These allegations sufficiently set forth facts demonstrating publication to third persons.

Moreover, Plaintiff has been compelled to repeat and self-publish Defendants' defamatory comments to other persons. Indeed, as set forth in the attached declaration from Plaintiff, he has had to republish the defamatory statements in his termination letter to prospective employers when asked to state the reasons given by Defendants as to why he was terminated. *See* Declaration of Plaintiff Ed Hughlett, ¶¶ 2-5; *see also Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001) (in determining whether the joinder of a defendant was a sham, a court "may look beyond the pleadings and consider affidavits or other evidence to determine if the joinder was a sham").

### E. Regardless Of Whether Any Privilege Applies, Defendants Did Not Carry Their Burden To Show Plaintiff Has No Possibility Of Demonstrating Malice

At this point, it is entirely unclear what "privilege" Defendants argue applies to Defendant Barker's defamatory statement. In Defendants' 12(b)(6) motion, they erroneously claimed a so-called "manager's privilege" applied to Plaintiff's defamation action. Then, in their reply papers to that motion, after Plaintiff made clear California law recognizes no such privilege in the defamation context, Defendants asserted for the first time that Barker's statement was privileged under California Civil Code Section 47(c). Now, in their Opposition to Plaintiff's Motion To Remand, they fail to cite to either of those privileges and instead refer to a nebulous "presumptive privilege" that they contend applies here.

Even assuming some type of privilege applies here, the privilege may be defeated by allegations in the pleadings (which must be taken as true here) that the defamatory statement was made with malice. *See* California Civil Code § 47(c). Defendants erroneously contend that Plaintiff's "conclusory assertions of malice" are not sufficient to defeat whatever privilege they argue applies. Opposition at 7:27. However, courts have routinely found malice to exist in cases with facts alleged in the complaint analogous to those set forth in Plaintiff's FAC.

As discussed above, in *Umamoto*, the plaintiffs brought a claim for defamation in state court against their former employer and manager, which was then removed to federal court. 2013

McGuinn, Hillsman & Palefsky
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

U.S. Dist. LEXIS 68622 at *5-6. In addressing the plaintiffs' motion to remand, the court examined whether the plaintiffs sufficiently pleaded malice. With respect to malice, the plaintiffs alleged that plaintiff Shirley Umamoto was terminated just two months after her husband, plaintiff Greg Umamoto, filed a sexual harassment complaint against their manager and that manager then sent an email terminating him. *Id.* at *17. The plaintiffs also alleged that plaintiff Shirley Umamoto was terminated "due to performance" even though she had a long record of successful performance. The court found that "[g]iven that Shirley was a highly ranked member of the national sales team and that Shirley was terminated in close proximity to Greg's sexual harassment complaint and termination, it is possible that the Superior Court would find that [p]laintiffs' allegations are sufficient to show malice." *Id.*

In *Webber*, the plaintiff's allegations to support a showing of malice merely consisted of pleading that "the false and defamatory 'poor performance' evaluation was a fabrication intended to serve as a pretext for his termination based on age discrimination." 2012 U.S. Dist. LEXIS 146521 at *19. The court held that the plaintiff "has alleged facts to support the allegation that [the defendant] acted with malice . . . Defendants have not demonstrated that there is no possibility that Plaintiff can defeat the presumption of privilege under the settled rules of California." *Id.* at *18-19.

Here, Plaintiff alleged many facts demonstrating malice that not only went beyond the pleadings found sufficient to show malice in *Umamoto* and *Webber*, but also directly refute Defendants' egregious contention that Plaintiff's FAC only contained two allegations of fact that would remotely support Barker's malice.

Plaintiff first observed Defendant Barker's ill will towards him when Barker excluded Plaintiff, one of the company's oldest safety managers on the west coast, from Barker's email regarding an important upcoming safety meeting being held in Chicago. FAC ¶ 8. Plaintiff notified the company's Human Resources ("HR") department about being excluded. *Id.* at ¶ 9. Defendant Barker and Plaintiff spoke by phone about Plaintiff's exclusion and Barker was angry and inquired why Plaintiff had notified HR. *Id.* at ¶ 10. Plaintiff then accused Barker of age discrimination. *Id.* When Plaintiff informed his then-supervisor about the exchange, the

McGuinn, Hillsman
& Palefsky
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

8

PLAINTIFF'S REPLY MEMORANDUM ISO MOTION TO REMAND    CASE NO.: 15-cv-03139-JSW

supervisor said the way Plaintiff dealt with the situation was a "bad move" because Barker would soon be promoted and Plaintiff would be reporting directly to him. *Id.* at ¶ 11. Indeed, in November 2014, Barker retaliated against Plaintiff by directing personnel to contact a safety manger based in Seattle for any assistance needed in Northern California, even though Plaintiff was the Safety and Health Manager for Northern California. *Id.* at ¶ 12.

Then, at the end of January 2015, in response to Plaintiff following the company's safety procedures and policies regarding a potentially impaired employee, Defendant Barker, now Plaintiff's direct supervisor, took the overly harsh and baseless action of confiscating Plaintiff's cell phone and ordering him to leave the premises immediately and to not return until Barker told him otherwise. *Id.* at ¶¶ 14-19. A few days later, and like in *Umamoto*, just months after Plaintiff lodged his complaint of age discrimination, Defendant Barker met with Plaintiff and terminated him. *Id.* at ¶ 19. Plaintiff alleged that "Barker knew that Plaintiff's decision to not drug test the Apprentice after the Apprentice passed Plaintiff's safety assessment was not grounds to terminate Plaintiff, an employee who had been successfully performing his job at Ports America for thirty-five years." *Id.* Plaintiff further alleged that Barker, in falsely accusing Plaintiff of violating the company's code of ethics, was acting out of personal malice and in an attempt to justify terminating an employee who had successfully been performing his job at the company for thirty-five years. *Id.* at ¶ 47. Plaintiff also alleged that "Defendants made the above complained-of publications, not with an intent to protect any interest intended to be protected by any privilege, but with recklessness and/or an intent to injure Plaintiff and destroy his reputation. Therefore, no privilege existed to protect Defendants from liability for any of these aforementioned publications or republications." *Id.* at ¶ 51.

Pleading a clear history of ill feeling, grudges and previous disputes between Barker and Plaintiff is certainly sufficient to demonstrate that a California state court could find Barker acted out of malice in making the defamatory statement when terminating Plaintiff. Defendants have not met their burden to show there was no possibility a court could make such a finding. *See Larrick v. Gilloon*, 176 Cal. App. 2d 408, 416 (1959) (disapproved on other grounds in *Field Research Corp. v. Superior Court*, 71 Cal. 2d 110, fn. 4 (1969)) (malice can be evidenced by

McGuinn, Hillsman & Palefsky
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

9

PLAINTIFF'S REPLY MEMORANDUM ISO MOTION TO REMAND   CASE NO.: 15-cv-03139-JSW

showing "a long-standing grudge, . . . former disputes, . . . or any previous quarrel, rivalry, or ill feeling . . . in short, almost everything the defendant has ever said or done with reference to the plaintiff - may be urged as evidence of malice").

### III. CONCLUSION

Defendants have not carried their burden to show it is indisputably clear that Plaintiff states no cause of action against Defendant Barker. Additionally, even if Plaintiff's allegations in the FAC are insufficient on any particular element, Defendants have not shown that any such deficiency could not be cured by amendment. *See Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (granting motion to remand when the defendant failed to show that the plaintiff would not be granted leave to amend his complaint to cure the asserted deficiency); *see also Umamoto*, 2013 U.S. Dist. LEXIS 68622 at *13 (granting remand and finding any deficiency as to the publication element of the plaintiff's defamation claim "may be amended to correct the deficiency").

McGUINN, HILLSMAN & PALEFSKY

Dated: August 12, 2015   By  /s/ Scott M. Stillman
Scott M. Stillman
Attorneys for Plaintiff ED HUGHLETT

# CERTIFICATE OF SERVICE

Name of Action: Ed Hughlett v. Marine Terminals Corp., et al.
United States District Court – Northern Division No. 15-cv-03139-JSW

I am a citizen of the United States and employed in the County of San Francisco, City of San Francisco, California. I am over the age of eighteen years and not a party to the within action.

My business address is 535 Pacific Avenue, San Francisco, California 94133.

On August 12, 2015, I caused the following document(s) to be served:

1. **PLAINTIFF'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND THIS ACTION TO THE SUPERIOR COURT FOR THE COUNT OF ALAMEDA;**
2. **PLAINTIFF ED HUGHLETT'S DECLARATION IN SUPPORT OF PLAINTIFF'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES TO PLAINTIFF'S MOTION TO REMAND THIS ACTION TO THE SUPERIOR COURT FOR THE COUNTY OF ALAMEDA**

☐ by placing a true copy of the document(s) listed above, enclosed in a sealed envelope, addressed as set forth below on the attached Service List, for collection and mailing on the date and at the business address shown above following our ordinary business practices. I am readily familiar with this business' practice for collection and processing of correspondence for mailing with the United States Postal Service. On the same day that a sealed envelope is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with postage fully prepaid.

☐ by having personally delivered a true copy of the document(s) listed above, enclosed in a sealed envelope, to the person(s) and at the address(es) set forth below on the attached Service List.

☐ by having personally delivered by _____ of a true copy of the document(s) listed above, enclosed in a sealed envelope, to the person(s) and at the address(es) set forth below on the attached Service List.

☒ I electronically served the above-referenced document(s) through the *United States District Court ECF system requirements*. E-service in this action was completed on all parties listed on the Court's Service List with E-Service. This service complies with the Court's Order in this case.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on August 12, 2015, at San Francisco, California.

*Lorraine Hemenway*

McGuinn, Hillsman
& Palefsky
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292